# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BILLY F. ANDERSON,
    Plaintiff

Case No. 1:09-cv-798
Barrett, J.
Hogan, M.J.

vs

COUNTY OF HAMILTON, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendants Hamilton County, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, and Louis F. Strigari (the County Defendants)'s motion to dismiss for lack of subject matter jurisdiction (Doc. 16), and plaintiff's memoranda in opposition. (Doc. 24, 28).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). It is well-settled that documents filed by a pro se litigant must be liberally construe and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94; *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against Hamilton County, Ohio, Judges Richard Bernat and Julia Stautberg, Stacy Scherr, Robert Ward, the City of Norwood, the Norwood Police Department, Marion Haynes, III, Donald Caster, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, John Coleman, and Louis F. Strigari. Plaintiff's complaint alleges that on October 20, 2007, defendants Stacy Sherr and Robert Ward, instituted charges against him for aggravated menacing and carrying a concealed weapon. (Doc. 1 at 3). Plaintiff alleges that Sherr and Ward fabricated the probable cause necessary for those charges

2

and that probable cause was lacking to commence the criminal proceedings against him. *Id.* Plaintiff further alleges the defendants ultimately failed in their prosecution of those charges. *Id.*

The complaint also alleges that all of the defendants conspired to institute and/or maintain the actions against him in an effort to "cover up" the "erroneous charges" and to "slander and discredit" him. *Id.* He further alleges the defendants maliciously prosecuted him, resulting in damage. *Id.* As relief, plaintiff seeks $12,800,000 in damages. *Id.* at 4.

The County defendants seek dismissal of the complaint for lack of federal subject matter jurisdiction. The County defendants contend that the Court lacks diversity jurisdiction over plaintiff's state law claims because plaintiff and the defendants are all Ohio residents. The County defendants further argue that plaintiff's complaint fails to cite a federal statute and his conspiracy, slander, and malicious prosecution claims are all state causes of action over which the Court lacks federal question jurisdiction. (Doc. 16).

Plaintiff's memoranda in response to the motion to dismiss alleges specific facts in support of his conspiracy, slander and malicious prosecution claims. (Docs. 24, 28).[1] With regard to the County defendants only, plaintiff alleges that assistant prosecutor Curran objected to the use of a prior witness statement to impeach a witness at trial; that Public Defender Louis Strigari told plaintiff to see a person in his office to obtain a lawyer for his trial; that assistant prosecutor Elfers' request for Ms. Scherr's testimony to be read in its entirety was granted by the trial judge when plaintiff wanted only the cross-examination to be read; that both prosecutors Curran and Elfers denied the existence of a 911 tape which proved he was innocent of the charges; that Fritz

---

[1]There is one other motion to dismiss and two motions for more definite statement pending before the Court to which these memoranda are addressed. (Docs. 18, 21, 22). Since plaintiff is proceeding pro se, the Court construes both memoranda as being filed in response to the motions to dismiss and as supplementing the original complaint.

3

Meyer personally selected the jury pool for plaintiff's first trial and that 19 of the 20 prospective jurors had a close friend or family member who was in law enforcement or a prosecutor; and that Joyce Harmon, who appears to have been the court reporter at one of plaintiff's trials, omitted testimony from her transcription of the trial.

The Court notes that plaintiff paid the $350.00 filing fee in this case and therefore the screening provisions set forth in 28 U.S.C. § 1915(e)(2) do not apply. *See Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *see Tingler v. Marshall,* 716 F.2d 1109, 1111-12 (6th Cir. 1983). "*Tingler* requires the district court to give unambiguous notice of its own motion to dismiss, and to notify the parties of a reasonable date by which they must respond." *Catz v. Chalker,* 142 F.3d 279, 286 (6th Cir.1998). While *Tingler* does not prohibit a sua sponte dismissal of a paid complaint for failure to invoke federal subject matter jurisdiction, dismissal is appropriate only in the rare circumstance "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479 (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)).

The Court cannot say that the allegations contained in the complaint, when taken together with plaintiff's supplemental memoranda, are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Although plaintiff did not cite to a federal statute or constitutional provision in his form complaint specifying a basis for federal question jurisdiction, the written instructions in the complaint advised plaintiff "Do Not Use Any

4

Legal Arguments or Cite Any Cases or Statutes." (Doc. 1 at 3). Liberally construed, plaintiff's pro se complaint and his supplemental memoranda allege sufficient facts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.[2] Plaintiff alleges sufficient facts showing his claims arise under the federal civil rights statute, 42 U.S.C. § 1983. The Sixth Circuit recognizes the existence of § 1983 claims for malicious prosecution under the Fourth Amendment to the United States Constitution, *Fox v. DeSoto,* 489 F.3d 227, 237 (6th Cir. 2007), as well as claims for conspiracy under § 1983. *See Collyer v. Darling,* 98 F.3d 211, 229 (6th Cir. 1996), *cert. denied,* 520 U.S. 1267 (1997). Although the claims raised in plaintiff's complaint and supplements thereto may be subject to dismissal for failure to state a claim for relief under § 1983 or because they seek monetary relief from a defendant who is immune from such relief, the Court cannot say the claims are so implausible, attenuated, unsubstantial, or patently frivolous such that the Court lacks subject matter jurisdiction. Accordingly, the County defendants' motion to dismiss for lack of subject matter jurisdiction should be denied.

**IT IS THEREFORE RECOMMENDED THAT** the County defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED**.

Date: 3/31/10

Timothy S. Hogan
United States Magistrate Judge

---

[2]Since plaintiff and the defendant are Ohio citizens, there is no complete diversity of citizenship in this case and the Court lacks subject matter jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BILLY F. ANDERSON,  Case No. 1:09-cv-798
    Plaintiff  Barrett, J.
        Hogan, M.J.

vs

COUNTY OF HAMILTON, et al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Billy F Anderson<br>PO Box 14642<br>Cinti, OH 45250 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below: |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8176 |
| PS Form 3811, August 2001   Domestic Return Receipt | 102595-02-M-1540 |

1:09cv798 (Doc. 32)