UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY F. ANDERSON,
Plaintiff

Case No. 1:09-cv-798
Barrett, J.
Hogan, M.J.

vs

COUNTY OF HAMILTON, et al.,
Defendants.

**REPORT AND RECOMMENDATION
AND ORDER**

This matter is before the Court on defendants the Honorable Judge Richard Bernat and the Honorable Judge Julia Stautberg's motion to dismiss (Doc. 18), plaintiff's memoranda in opposition (Doc. 24, 28), and defendants' reply in support of their motion to dismiss (Doc. 25); and on plaintiff's requests for oral argument on the motion to dismiss (Docs. 27, 29), defendants' memorandum in opposition (Doc. 30), and plaintiff's reply memorandum. (Doc. 31).

The Court determines that oral argument is not necessary to a fair resolution of defendants' motion to dismiss. Accordingly, plaintiff's requests for oral argument (Docs. 27, 29) are **DENIED**.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). It is well-settled that documents filed by a pro se litigant must be liberally construe and that "a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94; *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against Hamilton County, Ohio, Judges Richard Bernat and Julia Stautberg, Stacy Scherr, Robert Ward, the City of Norwood, the Norwood Police Department, Marion Haynes, III, Donald Caster, Kathy Elfers,

2

Rachael Curran, Joyce Harmon, Fritz Meyer, John Coleman, and Louis F. Strigari. Plaintiff's complaint alleges that on October 20, 2007, defendants Stacy Sherr and Robert Ward instituted charges against him for aggravated menacing and carrying a concealed weapon. (Doc. 1 at 3). Plaintiff alleges that Sherr and Ward fabricated the probable cause necessary for those charges and that probable cause was lacking to commence the criminal proceedings against him. *Id.* The complaint states the defendants ultimately failed in their prosecution of those charges. *Id.*

The complaint also alleges that all of the defendants conspired to institute and/or maintain the actions against him in an effort to "cover up" the "erroneous charges" and to "slander and discredit" him. *Id.* Plaintiff further alleges the defendants maliciously prosecuted him, resulting in damage. *Id.* As relief, plaintiff seeks $12,800,000.00 in damages. *Id.* at 4.

Defendants Bernat and Stautberg seek dismissal of the complaint for lack of federal subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Defendants argue that plaintiff's conspiracy, slander, and malicious prosecution claims are grounded solely in state, not federal, law and therefore the Court lacks federal question jurisdiction over the complaint. (Doc. 18). Defendants also contend that the Court lacks diversity jurisdiction over plaintiff's state law claims because plaintiff and the defendants are all Ohio residents. Defendants assert that even if the Court has subject matter jurisdiction over plaintiff's complaint, the complaint should be dismissed because it fails to meet federal pleading requirements, because Judges Stautberg and Bernat are absolutely immune from suit for monetary damages, and because the complaint fails to state a claim for conspiracy and slander. *Id.*

Plaintiff's memoranda in response to the motion to dismiss alleges specific facts in support of his conspiracy, slander and malicious prosecution claims. (Docs. 24, 28).[1] With regard to the judicial defendants only, plaintiff alleges that at his first trial over which Judge Stautberg presided, she allegedly told his lawyer that if plaintiff went to trial and was found guilty, he would be given jail time. He alleges that Judge Stautberg refused to recuse herself from the case upon plaintiff's request and, as a female, "seemed to identify" with the complaining witness in the case. Judge Stautberg allegedly stated that she intended "to keep this train moving" referring to plaintiff's first trial and granted objections in the prosecution's favor. Judge Stautberg also declared a mistrial, allowed plaintiff's lawyer to quit, and recused herself from plaintiff's retrial. (Doc. 24).

Plaintiff allege that Judge Bernat ordered the public defender to find plaintiff a new lawyer. He also alleges that Judge Bernat would not permit plaintiff to recall the complaining witness at his second trial. (Doc. 24). Plaintiff states that Judge Bernat sided with the prosecution in response to a jury request to hear testimony read back during jury deliberations. He also alleges that Judge Bernat would not permit a 911 tape to be played in court which plaintiff claims would have proved his innocence. (Doc. 28).

Plaintiff also alleges that Judge Stautberg hand-picked the jury and that both judges allowed three court-appointed attorneys to quit or not assist him in his defense, thereby violating his right to the effective assistance of counsel and a speedy trial. He also alleges that both judges acted maliciously. (Doc. 31).

---

[1]There is one other motion to dismiss and two motions for more definite statement pending before the Court to which these memoranda are addressed. (Docs. 16, 21, 22). Since plaintiff is proceeding pro se, the Court construes both memoranda as being filed in response to the motions to dismiss and as supplementing the original complaint.

4

Liberally construed, plaintiff's pro se complaint and his supplemental memoranda allege sufficient facts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.[2] Plaintiff alleges sufficient facts showing his claims arise under the federal civil rights statute, 42 U.S.C. § 1983. Plaintiff essentially asserts that the judges through their actions deprived him of due process and a fair trial under the Fourteenth Amendment to the United States Constitution. In addition, plaintiff's claim of malicious prosecution is recognized by the Sixth Circuit as a § 1983 claim arising under the Fourth Amendment to the United States Constitution. *See Fox v. DeSoto,* 489 F.3d 227, 237 (6th Cir. 2007). The Circuit also recognizes civil conspiracy claims under § 1983. *See Collyer v. Darling,* 98 F.3d 211, 229 (6th Cir. 1996), *cert. denied,* 520 U.S. 1267 (1997). While plaintiff's allegations are sufficient to confer federal subject matter jurisdiction, plaintiff's complaint against Judges Stautberg and Bernat, as supplemented, must nevertheless be dismissed.

Plaintiff's complaint against Judges Stautberg and Bernat must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997), *cert. denied,* 523 U.S. 1075 (1998). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.), *cert. denied,* 474 U.S. 971 (1985).

---

[2]Since plaintiff and the defendant are Ohio citizens, there is no complete diversity of citizenship in this case and the Court lacks subject matter jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. As explained by the Sixth Circuit:

> If the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. By contrast, merely acting in excess of authority does not preclude immunity. For example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction.

*Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir.), *cert. denied*, 522 U.S. 996 (1997) (internal citations omitted).

Judges Stautberg and Bernat are protected by absolute judicial immunity in this case. Plaintiff's complaint alleges no facts indicating either judge presided over a matter over which the Hamilton County Municipal Court had no subject matter jurisdiction or performed non-judicial acts. To the contrary, plaintiff challenges various decisions made by the judges during his criminal proceedings. His allegations that the judges ruled against him on his motions and various requests during trial and that Judge Stautberg hand-picked his jury are precisely the type of functions normally performed by a judge which are protected by the grant of immunity. *See Stump*, 435 U.S. at 362; *Barrett*, 130 F.3d at 255. *Cf. Pomerantz v. Los Angeles County*, 674 F.2d 1288, 1291 (9th Cir. 1982)( jury selection is integral to the judicial process and protected by quasi-judicial immunity); *Lucarelli v. Norton*, No. 4:06-cv-53, 2006 WL 709319 (M.D. Pa. March 17, 2006) (same). Plaintiff's claim that the judges participated in a "conspiracy" against him is likewise barred by absolute judicial immunity. "The rationale of the doctrine of judicial immunity–'the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants'–also is equally

applicable to [a party's] charge that in performing their judicial duties the judges of [a] court were engaging in a conspiracy against [a party]." *Green v. Seymour,* 59 F.3d 1073, 1078 (10th Cir. 1995)(quoting *Pulliam v. Allen,* 466 U.S. 522, 537-38 (1984)). Since the Hamilton County Municipal Court has "some subject matter jurisdiction" over criminal cases such as plaintiff's,[3] Judges Stautberg and Bernat are afforded absolute immunity in this case. *DePiero v. City of Macedonia,* 180 F.3d 770, 785 (6th Cir. 1999), *cert. denied,* 528 U.S. 1105 (2000).

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss be **GRANTED**.

Date: 3/31/10

Timothy S. Hogan
United States Magistrate Judge

---

[3] *See* Ohio Rev. Code §§ 1901.20(A)(1) and (B).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BILLY F. ANDERSON,
    Plaintiff

Case No. 1:09-cv-798
Barrett, J.
Hogan, M.J.

vs

COUNTY OF HAMILTON, et al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Billy F Anderson<br>PO Box 14642<br>Cinti, OH 45250 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8176 |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-1540 |

1: vGeT98 (Doc. 33)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee | |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Stacy Scherr<br>2111 Vardman Avenue<br>Norwood, OH 45212 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8183 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:04 cv 748 (Doc. 33)