UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY F. ANDERSON

        Plaintiff,                    CASE NO. 1:09cv798

    v.

COUNTY OF HAMILTON, et al.,       JUDGE MICHAEL R. BARRETT

        Defendants.

## ORDER

This matter is before the Court on a Report and Recommendation filed by the Magistrate Judge Hogan (Doc. 33) as to the pending motion to dismiss of Judges Stautberg and Bernat. Judge Hogan recommended that the motion to dismiss be granted. Plaintiff filed objections (Doc. 47) to which Judges Stautberg and Bernat responded (Doc. 51). Plaintiff then filed a response to the Judges filing (Doc. 57).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court has reviewed this matter de novo pursuant to 28 U.S.C. 636, and finds

the Magistrate Judge's Report and Recommendation to be correct and well reasoned. Plaintiff has failed to raise any factual issues or case law to support his proposition that Judges Stautberg and Bernat are not entitled to judicial immunity. All actions alleged in his complaint, and those more specifically stated in his pleadings, reference acts performed by the Judges while presiding over his criminal trial. Thus, all were acts performed while performing judicial functions. *See Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Even if the Court were to accept Plaintiff's allegations that the Judges were acting maliciously to cover up deliberate criminal acts, such actions occurred while performing their judicial functions and are therefore immune. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...").

Accordingly, it is **ORDERED** that the Report and Recommendation (Doc. 33) of the Magistrate Judge is hereby **ADOPTED.** The motion to dismiss of Judges Stautberg and Bernat (Doc. 18) is hereby **GRANTED.**

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE