UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY F. ANDERSON,
Plaintiff

vs

COUNTY OF HAMILTON, et al.,
Defendants.

Case No. 1:09-cv-798
Barrett, J.
Hogan, M.J.

REPORT AND RECOMMENDATION

This matter is before the Court on defendant John Coleman's motion to dismiss (Doc. 41), defendant Donald Caster's motion to dismiss (Doc. 42), defendant Marion Haynes' motion for judgment on the pleadings (Doc. 50), plaintiff's memoranda in opposition (Doc. 46, 53), and defendant Haynes' reply memorandum. (Doc. 63).

I. **Motion to Dismiss Standard**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). It is well-settled that documents filed by a pro se litigant must be liberally construe and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94; *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

## II. Motion for Judgment on the Pleadings Standard

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Commn.*, 946 F.2d 1233, 1235 (6th Cir. 1991). *See also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be

2

granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Fritz*, 592 F.3d at 722; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

### III. Facts

Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against Hamilton County, Ohio Judges Richard Bernat and Julia Stautberg, Stacy Scherr, Robert Ward, the City of Norwood, the Norwood Police Department, Marion Haynes, III, Donald Caster, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, John Coleman, and Louis F. Strigari. Plaintiff's complaint alleges that on October 20, 2007, defendants Stacy Sherr and Robert Ward instituted charges against him for aggravated menacing and carrying a concealed weapon. (Doc. 1 at 3). Plaintiff alleges that Sherr and Ward fabricated the probable cause necessary for those charges and that probable cause was lacking to commence the criminal proceedings against him. *Id.* Plaintiff further alleges the defendants ultimately failed in their prosecution of those charges. *Id.*

The complaint also alleges that all of the defendants conspired to institute and/or maintain the actions against him in an effort to "cover up" the "erroneous charges" and to "slander and discredit" him. *Id.* He further alleges the defendants maliciously prosecuted him, resulting in damage. *Id.*

As supplemented by additional memoranda (Docs. 24, 28)[1] and with respect to the defense attorneys only, plaintiff further alleges that Marion Haynes, his first public defender, lied to him by telling him there was no 911 call tape of the incident. Plaintiff alleges that Haynes advised him the judge would give him jail time if he went to trial and was found guilty and that Haynes

---

[1]Since plaintiff is proceeding pro se, the has Court construed both memoranda as supplementing the original complaint. *See* Doc. 32 at 3, n.1.

3

would quit if plaintiff did not take a plea deal. Plaintiff also alleges that the judge ultimately permitted Haynes to withdraw from representation since plaintiff did not plead guilty.

Defendant Donald Caster was the next public defender assigned to represent plaintiff. Plaintiff alleges that he repeatedly asked Caster to obtain the 911 tape. He also alleges that Caster "offered" him several options of charges to which plaintiff could plead guilty, but plaintiff refused. Caster then "directed the prosecutor on how to motion to join" the aggravated menacing and carrying a concealed weapon charges. The case proceeded to trial. Caster failed to object to the prosecutor's designation of Officer Ward as the representative of the state. Plaintiff alleges that Caster also failed to object to the presence on the jury of "a female Lutheran minister wearing a priest's collar" and a "lady with short hair [who] carried a wallet in her hip pocket." During the trial, defendant Scherr testified in a manner which led plaintiff to believe that his private conversation with Caster influenced Ms. Scherr's testimony. On cross-examination, Caster attempted to ask Ms. Scherr about a written statement when he walked around the back of the prosecutor's desk and dropped a note on the desk. The prosecutor objected. Following a discussion in the judge's chambers, the objection was then sustained. At trial the following day, when Caster did not recall Ms. Scherr as a witness, plaintiff, in the presence of the jury, requested the appointment of new counsel. The judge declared a mistrial, permitted Caster to withdraw from his representation of plaintiff, and recused herself from further proceedings.

Plaintiff then requested and was appointed defendant John Coleman to represent him. Plaintiff met with Coleman at his office one time. The day of the trial, Coleman did not show up. He later learned that Coleman declined to represent him. Plaintiff then represented himself at trial and was acquitted.

## IV. Defendants' motions to dismiss and for judgment on the pleadings should be granted.

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Public defenders are not state actors within the meaning of § 1983 when they represent indigent defendants in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defender does not act under color of state law for purposes of § 1983 when performing traditional functions as counsel to defendant in criminal proceeding); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Defendants Haynes, Caster, and Coleman are all public defenders who were appointed to represent plaintiff at his criminal trial. Plaintiff complains about the advice he was given by these attorneys and the deficient representation he received during his criminal proceedings. These are functions traditionally performed by counsel during a criminal proceeding and, as such, defendants Haynes, Caster, and Coleman were not acting under color of state law. *Dodson*, 454 U.S. at 325. Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendants Haynes, Caster and Coleman.

To the extent plaintiff alleges these defendants conspired to deprive him of his constitutional rights, plaintiff's complaint nevertheless fails to state a claim upon which relief may be granted. Although a private actor may be acting under color of state law when he

5

conspires with state officials to violate a person's constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), plaintiff's conspiracy allegations are vague, conclusory, and insufficient to state a claim under § 1983 against defendants Haynes, Caster and Coleman. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). To state a claim for conspiracy to violate a right protected by § 1983, plaintiff must allege facts showing a single plan existed, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to him. *Id*. Moreover, plaintiff must present evidence of not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.) ("plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim"). In addition, "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (internal citations and quotations omitted). Plaintiff must provide factual support respecting the material elements of his conspiracy claim. *See Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009).

Here, plaintiff alleges that all of the defendants conspired to institute and maintain the criminal charges against him. His complaint and supplements thereto, however, are devoid of any factual content demonstrating the existence of a single plan to cover-up the allegedly erroneous criminal charges; that defendants Haynes, Caster, and Coleman shared in any alleged conspiratorial objective; or that defendants Haynes, Caster, and Coleman committed any overt acts in furtherance of the conspiracy that caused injury to plaintiff. Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a claim for relief under § 1983 and may not be used as a basis for liability against defendants Haynes, Caster, and Coleman.

To the extent plaintiff claims the actions of defendants Haynes, Caster, and Coleman violate the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim against these defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims should be dismissed without prejudice for lack of jurisdiction.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant John Coleman's motion to dismiss (Doc. 41), defendant Donald Caster's motion to dismiss (Doc. 42), and defendant Marion Haynes' motion for judgment on the pleadings (Doc. 50) be **GRANTED**.

2. Plaintiff's federal law claims against defendants Haynes, Caster, and Coleman be **DISMISSED** with prejudice.

3. Plaintiff's state law claims against defendants Hayes, Caster, and Coleman be **DISMISSED** without prejudice for lack of jurisdiction.

Date: 6/7/10

Timothy S. Hogan
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY F. ANDERSON,  Case No. 1:09-cv-798
    Plaintiff  Barrett, J.
        Hogan, M.J.

vs

COUNTY OF HAMILTON, et al.,
    Defendants

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Billy F Anderson
PO Box 14642
Cinti, OH 45250

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)

7002 3150 0000 8389 8374

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:09cv748 (Doc. 64)