UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY F. ANDERSON,
    Plaintiff

vs

COUNTY OF HAMILTON, et al.,
    Defendants.

Case No. 1:09-cv-798
Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on the motion for judgment on the pleadings of defendants Hamilton County, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, and Louis F. Strigari ("the County defendants") (Doc. 40), plaintiff's memorandum in opposition (Doc. 45), and the County defendants' reply memorandum. (Doc. 49).

**I. Motion for Judgment on the Pleadings Standard**

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Commn.*, 946 F.2d 1233, 1235 (6th Cir. 1991). See also *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Fritz*, 592 F.3d at 722; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pleadings by a pro se litigant must be liberally

construed and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

**III. Facts**

Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against Hamilton County, Ohio, Judges Richard Bernat and Julia Stautberg, Stacy Scherr, Robert Ward, the City of

2

Norwood, the Norwood Police Department, Marion Haynes, III, Donald Caster, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, John Coleman, and Louis F. Strigari. Plaintiff's complaint alleges that on October 20, 2007, defendants Stacy Sherr and Robert Ward instituted charges against him for aggravated menacing and carrying a concealed weapon. (Doc. 1 at 3). Plaintiff alleges that Sherr and Ward fabricated the probable cause necessary for those charges and that probable cause was lacking to commence the criminal proceedings against him. *Id.* Plaintiff further alleges the defendants ultimately failed in their prosecution of those charges. *Id.*

The complaint also alleges that all of the defendants conspired to institute and/or maintain the actions against him in an effort to "cover up" the "erroneous charges" and to "slander and discredit" him. *Id.* He further alleges the defendants maliciously prosecuted him, resulting in damage. *Id.*

As supplemented by additional memoranda (Docs. 24, 28)[1] and with respect to the County defendants only, plaintiff further alleges defendant Rachel Curran, the assistant prosecutor in his first trial, advised his public defender there was no 911 tape of the incident leading to his arrest. Plaintiff alleges that he was ultimately able to obtain a copy of the 911 tape before his second trial. Plaintiff further alleges that defendant Curran designated Officer Ward, the arresting officer, as the State's representative at plaintiff's first trial. During the first trial, plaintiff's public defender attempted to ask Ms. Scherr about a prior written statement when he walked around the back of Prosecutor Curran's desk and dropped a note on the desk. Defendant Curran objected. Following an off-the-record discussion in the judge's chambers, the objection was sustained. At

---

[1]Since plaintiff is proceeding pro se, the has Court construed both memoranda as supplementing the original complaint. *See* Doc. 32 at 3, n.1.

trial the following day, when the public defender did not recall Ms. Scherr as a witness, plaintiff, in the presence of the jury, requested the appointment of new counsel. The judge declared a mistrial, permitted plaintiff's public defender to withdraw from representing plaintiff, and recused herself from further proceedings.

Plaintiff alleges that defendant Fritz Meyer, the jury commissioner, selected a biased jury for plaintiff's first trial. Plaintiff alleges that defendant Meyer personally selected the jury pool for plaintiff's first trial and that 19 of the 20 prospective jurors had a close friend or family member who was in law enforcement or a prosecutor.

Plaintiff alleges that defendant Louis Strigari recommended that plaintiff contact someone in the Public Defender's Office about representation.

Plaintiff alleges his public defender at his second trial failed to appear for trial. Plaintiff then represented himself at trial and was acquitted.

Plaintiff alleges that defendant Joyce Harmon, a court reporter, failed to properly transcribe some of the testimony and statements made at his second trial.

Plaintiff alleges that defendant Kathy Elfers was the assistant prosecutor at plaintiff's second trial. Plaintiff alleges that defendant Elfers denied the existence of a 911 tape which proved he was innocent of the charges. During jury deliberations, the jury asked to hear plaintiff's cross-examination of Ms. Scherr. Defendant Elfers requested that Ms. Scherr's testimony be read in its entirety when plaintiff wanted only the cross-examination to be read. The trial judge granted defendant Elfers' request.

## IV. Defendants' motion for judgment on the pleadings should be granted.

### A. The complaint against defendants Curran and Elfers should be dismissed.

The complaint against defendants Curran and Elfers should be dismissed because it seeks relief from defendants who are immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986), *cert. denied* 481 U.S. 1048 (1987). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Plaintiff has alleged no facts showing that defendants Curran and Elfers' actions fell outside the prosecutorial absolute immunity recognized in *Imbler*. Therefore, plaintiff's claims against defendants Curran and Elfers are barred by absolute immunity. *Imbler*, 424 U.S. at 430.

### B. The complaint against defendant Strigari should be dismissed.

Plaintiff's only allegation involving defendant Louis Strigari is that Strigari recommended that plaintiff contact someone in the Public Defender's Office about representation. This allegation fails to state a claim for relief under 42 U.S.C. § 1983 because the allegation fails to allege any deprivation of a federal or constitutional right by virtue of Strigari's actions. In any

5

event, defendant Strigari, as a public defender, does not act under color of state law for purposes of § 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendant Strigari and should be dismissed.

### C. The complaint against defendant Hamilton County should be dismissed.

Plaintiff's complaint fails to state a claim for relief under § 1983 against defendant Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). To state a claim for relief against Hamilton County for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County" *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the

alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the other individual County defendants acted pursuant to a policy or custom of Hamilton County in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Hamilton County. Accordingly, the complaint against defendant Hamilton County should be dismissed.

**D. The complaint against defendants Joyce Harmon and Fritz Meyer should be dismissed.**

Plaintiff alleges that defendant Joyce Harmon, the court reporter at his second trial, failed to transcribe all the testimony that was presented at trial. The Court cannot discern any possible federal claim stemming from plaintiff's allegations against defendant Harmon. Plaintiff has alleged no facts showing he personally suffered any harm or any injury as a result of defendant Harmon's actions. The complaint fails to allege any facts indicating that errors in the transcription of plaintiff's criminal proceedings prejudiced him in any way or caused him some other harm. *See Hampton v. Segura*, 276 Fed. Appx. 413, 415 (5th Cir. 2008) (no constitutional violation in absence of material alterations in transcript; negligent transcription by itself insufficient to support § 1983 claim); *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993) (no constitutional right to a totally accurate trial transcript; constitutional rights violated only if "inaccuracies in the transcript adversely affected the outcome" of the proceeding); *Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987) (civil complaint for damages frivolous where plaintiff not prejudiced by allegedly altered transcript). Plaintiff does not allege that the omissions in the

7

transcript adversely affected the outcome of his criminal case. In fact, plaintiff alleges he was acquitted of the charges following his second trial. Therefore, there was no appeal that could have been prejudiced by the lack of an accurate transcription of the trial. In the absence of any allegations whatsoever showing plaintiff suffered an injury as a result of defendant Harmon's actions, the complaint fails to state a claim for relief under Section 1983 and should be dismissed as to defendant Harmon.

Likewise, plaintiff fails to allege any facts showing he was harmed by defendant Fritz Meyer's alleged selection of biased jurors at plaintiff's first trial. Plaintiff alleges that his first trial ended in a mistrial when plaintiff in open court requested that new counsel be appointed for him. Upon declaration of a mistrial, the allegedly "biased" jury was necessarily discharged and did not render any decision adverse to plaintiff. In the absence of any tangible harm suffered by plaintiff by defendant Meyer's actions, plaintiff's complaint fails to state a claim for relief against defendant Meyer and should be dismissed.

### E. Plaintiff's complaint fails to state a claim for relief for conspiracy under § 1983.

To the extent plaintiff alleges the County defendants conspired to deprive him of his constitutional rights, plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). To state a claim for conspiracy to violate a right protected by § 1983, plaintiff must allege facts showing a single plan existed, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to him. *Id.* Moreover, plaintiff must allege facts showing not

8

only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.) ("plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim"). In addition, "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (internal citations and quotations omitted). Plaintiff must provide factual support respecting the material elements of his conspiracy claim. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

Here, plaintiff alleges that all of the defendants conspired to institute and maintain the criminal charges against him. However, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Plaintiff's complaint and supplements thereto are devoid of any factual content demonstrating the existence of a single plan to cover-up the allegedly erroneous criminal charges; that the County defendants shared in any alleged conspiratorial objective; or that the County defendants committed any overt acts in furtherance of the conspiracy that caused injury to plaintiff. Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a claim for relief under § 1983 and may not be used as a basis for liability against the County defendants. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

Finally, to the extent plaintiff claims the actions of the County defendants violated the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claims

because plaintiff fails to state a viable federal law claim against the County defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims should be dismissed without prejudice for lack of jurisdiction.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion for judgment on the pleadings of defendants Hamilton County, Kathy Elfers, Rachael Curran, Joyce Harmon, Fritz Meyer, and Louis F. Strigari (Doc. 40) be **GRANTED**.

2. Plaintiff's federal law claims against the County defendants be **DISMISSED** with prejudice.

3. Plaintiff's state law claims against the County defendants be **DISMISSED** without prejudice for lack of jurisdiction.

Date: 6/17/10

Timothy S. Hogan
United States Magistrate Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BILLY F. ANDERSON,<br>Plaintiff | Case No. 1:09-cv-798<br>Barrett, J.<br>Hogan, M.J. |
| vs | |
| COUNTY OF HAMILTON, et al.,<br>Defendants | |

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

11

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Billy F Anderson<br>PO Box 14642<br>Cincinnati, Ohio 45250 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8404 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:09cv798 (Doc. 69)