**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BILLY F. ANDERSON, | Case No. 1:09-cv-798 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| COUNTY OF HAMILTON, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On October 30, 2009, Plaintiff Billy F. Anderson initiated this litigation by filing a *pro se* complaint, alleging that 15 defendants had violated his civil rights. As discussed below, at this juncture only three Defendants remain, the others having been dismissed on a variety of grounds. (*See* Docs. 33, 60, 64, 69, 73, 89). Currently pending before the court is Plaintiff's motion for summary judgment and the cross-motion for summary judgment filed by the remaining three Defendants (Docs. 98, 100). The motions have been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. For the reasons explained herein, Plaintiff's motion for summary judgment should be denied, and the Defendants' motion should be granted.

**I. Factual and Procedural Background**

The background of Plaintiff's claims has been summarized by the Court on multiple occasions, but is set forth again for the convenience of the Court. Although Plaintiff initially named 15 defendants, the three Defendants that remain (hereinafter "The Norwood

Defendants") are: Officer Robert Ward, the City of Norwood, and the Norwood Police Department. Plaintiff's complaint alleges that on October 20, 2007, Stacy Scherr[1] and Officer Robert Ward instituted charges against him for aggravated menacing and carrying a concealed weapon. (Doc. 1 at 3). The charges arose out of an incident that occurred at or near the residence of Ms. Scherr. Plaintiff alleges that Scherr and Defendant Ward fabricated the probable cause necessary for prosecution, and that probable cause was lacking to commence criminal proceedings against him. (*Id.*). Plaintiff also accuses witness Scherr and Defendant Officer Ward, a patrol officer employed by the City of Norwood, of providing false testimony against Plaintiff during his criminal trials. (Doc. 24 at 1, 2). Plaintiff's first state criminal trial -at which he was represented by a public defender against whom he subsequently filed suit- ended in a mistrial. At a second trial, Plaintiff represented himself[2] and was acquitted of the allegedly false charges. (Doc. 1 at 3).

The heart of Plaintiff's complaint is that all fifteen of the originally named defendants conspired to institute or maintain the state criminal action against him in an effort to "cover up "erroneous charges" and to "slander and discredit" him. He further alleges that all fifteen maliciously prosecuted him. (Docs. 1, 3). As damages, Plaintiff seeks 12.8 million dollars "as compensation for loss of the Nobel Prize in Economics ($10,0000,000 plus interest of $2,800,000)." (Doc. 45, 1, 4-5; Doc. 1, 4).

---

[1] Originally named as a Defendant, Ms. Scherr was dismissed by the Court on March 14, 2011.

[2] Plaintiff did so after the assigned public defender failed to appear on the first day of Plaintiff's second trial. (Doc. 89 at 4).

2

On March 31, 2010, then-presiding Magistrate Judge Timothy Hogan[3] filed two separate Reports and Recommendations ("R&Rs"). In the first R&R, Judge Hogan recommended denying the motion of several defendants (Hamilton County employees) to dismiss the complaint for lack of federal subject matter jurisdiction. (Doc. 32). The Court explained that because Plaintiff had paid the requisite $350.00 filing fee, the Court was not permitted to screen the complaint for frivolousness pursuant to 28 U.S.C. §1915(e)(2). Judge Hogan noted that "[a]lthough the claims raised in plaintiff's complaint and supplements thereto may be subject to dismissal for failure to state a claim for relief under §1983 or because they seek monetary relief from a defendant who is immune from such relief, the Court cannot say...that the Court lacks subject matter jurisdiction." (Doc. 32 at 5). The first R&R was adopted as the opinion of the district court on June 4, 2010. (Doc. 59).

In a second R&R, also filed on March 31, 2010, Judge Hogan recommended granting a motion to dismiss filed by two state court judges, on grounds that those two Defendants were entitled to absolute immunity from suit. (Doc. 33). The presiding district judge, overruling Plaintiff's Objections, adopted that R&R on June 4, 2010. (Doc. 60).

A day before dismissal of the two judges, Plaintiff filed a motion seeking a temporary restraining order to prevent one of the judges from disposing of any of her personal assets. (Doc. 58). On June 7, 2010, Judge Hogan filed a third R&R recommending that Plaintiff's motion for a temporary restraining order be denied as moot in light of that judge's dismissal from federal suit. (Doc. 62). Judge Hogan's third R&R was adopted as the opinion of the

---

[3] This case was reassigned to the undersigned magistrate judge on December 7, 2010. (Doc. 88).

district court on July 2, 2010. (Doc. 73).

On June 8, 2010, Judge Hogan filed a fourth R&R (Doc. 64) recommending the grant of three dispositive motions: motions to dismiss filed by two Defendants (Doc. 41, 42), and a motion for default judgment filed by another Defendant (Doc. 50). The court additionally recommended that all federal claims against Defendants Haynes, Caster, and Coleman be dismissed with prejudice because Plaintiff's claims were "vague, conclusory, and insufficient to state a claim," and that all related state court claims against the same three Defendants be dismissed without prejudice. (Doc. 64 at 6, 9). Together with the third R&R, the fourth R&R was adopted as the opinion of the district court on July 2, 2010 (Doc. 73).

On June 18, 2010, Judge Hogan filed a fifth R&R recommending granting the motion for judgment on the pleadings filed by the six Hamilton County Defendants. (Doc. 69). Adoption of Judge Hogan's fifth R&R, together with the district court's *sua sponte* dismissal of Defendant Scherr, resulted in dismissal of all claims against all Defendants but for the three remaining Norwood Defendants.

On May 26, 2011, Plaintiff filed a motion for summary judgment. (Doc. 98). On the same date, the Norwood Defendants filed both a response and a cross-motion for summary judgment. (Docs. 100, 101). Plaintiff has filed no response to Defendants' motion, although he filed a brief reply memorandum in support of his own motion.[4]

---

[4] The record reflects that Plaintiff filed responsive memoranda to all of Defendants' prior motions as well as reply memoranda in support of several of Plaintiff's own motions. (*See, e.g.*, Docs. 24, 28, 31, 45, 46, 53, 57, 87, 104). Both Plaintiff and Defendants have engaged in an active motion practice throughout this litigation; Plaintiff alone has filed eleven motions to date.

### II. Pending Motions

Neither Defendants nor Plaintiff conducted any discovery in this case, although both have submitted evidence for the Court to consider in disposition of their pending motions. The three Norwood Defendants have moved for summary judgment on all claims based upon the affidavit of Stacy Scherr, records from the underlying criminal action, the testimony of Scherr and Ward in the underlying trials and state and federal law. Plaintiff relies upon much of the same evidence to support his motion. Having reviewed the evidence submitted and relevant legal authority, I find the three Norwood Defendants to be entitled to judgment as a matter of law.

**A. The Norwood Police Department**

The first of the three Norwood Defendants, the Norwood Police Department, is entitled to dismissal of all claims because it is not an entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(police departments are not legal entities which may be sued); *Kelley v. Perry Township Police Dept.*, 2010 WL 2165080, *3 (N.D. Ohio, May 28, 2010)(collecting cases).

**B. The City of Norwood**

Defendants also persuasively argue that the City of Norwood is entitled to judgment as a matter of law. A governmental entity cannot be held liable under 42 U.S.C. §1983 under a *respondeat superior* theory, but rather, can be held liable only for official acts and policies. In this case, Plaintiff has failed to submit any evidence - or even allege - the existence of any municipal policy or custom and its relationship to any alleged constitutional deprivation. *See generally, Monell v. Dept. of Soc. Servs. of City of New*

*York,* 436 U.S. 658, 691 (1978). It is worth noting that Magistrate Judge Hogan previously recommended the dismissal of Defendant Hamilton County on the same grounds (Doc. 69 at 6-7), a recommendation that United States District Judge Barrett subsequently adopted. (Doc. 89 at 8).

### C. Officer Ward

#### 1. Official Capacity

Plaintiff's complaint fails to state whether he sues the third Norwood Defendant, Officer Ward, in his individual or official capacity. "When a §1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether a defendant has been notified of the potential for individual liability. *See Moore v. City of Harriman,* 272 F.3d 769, 773 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989).

In this case, the sole allegation that specifically identifies Defendant Ward in Plaintiff's complaint states: "Probable cause was fabricated by...Robert Ward and Stacy Scherr" and the "institution and/or maintenance of such [criminal] litigation was done by all listed Defendants with malice towards the Plaintiff." In addition, Plaintiff generally pleads conspiracy, slander, and malicious prosecution claims against "all listed defendants." (Doc. 3). Plaintiff appears to seek only compensatory and not punitive damages for the loss of income due to his alleged loss of the Nobel Prize, plus interest. There is no indication by Plaintiff anywhere in the record that Defendant Ward has been sued individually, suggesting that Plaintiff's claims against Defendant Ward are brought against that Defendant solely in his official capacity.

Scouring the record as a whole reveals only the slightest hint that Defendant Ward could be viewed as having notice of any intention by Plaintiff to bring claims against Ward in his individual capacity. All three Norwood Defendants, including Defendant Ward, are represented by the same counsel and filed a joint answer. In that answer, Defendants affirmatively pleaded multiple defenses,[5] including a defense of "absolute or qualified immunity." (Doc. 19 at ¶5). Absolute immunity is generally available to prosecutors, judicial officers, witnesses, and various governmental entities; by contrast, qualified immunity is a defense ordinarily available only to a defendant sued in his individual capacity. In addition, and despite Plaintiff's failure to specifically articulate a claim for punitive damages, the Norwood Defendants have pleaded immunity "from the imposition of punitive damages" as their Sixth Defense. (*Id.* at ¶8).

I decline to find that Plaintiff has sued Defendant Ward in his individual capacity based solely upon Defense counsel's brief assertion of generic defenses in the joint answer of all three Norwood Defendants. When a complaint fails to specify capacity, a defendant should not be held to the Hobson's choice of either filing an answer that raises defenses available only to a defendant sued in his individual capacity, or risking waiver if a court subsequently construes the complaint against that defendant in his or her individual capacity. No discovery has ever been conducted in this case, and no other pleading or memorandum articulates claims against Defendant Ward in his individual capacity. As such, the claims are equivalent to claims against the City of Norwood, and should be dismissed on the same grounds.

---

[5]Among the fourteen defenses raised are the statute of limitations, res judicata, collateral estoppel, issue and claim preclusion, failure to state a claim, and subject matter jurisdiction.

### 2. Individual Capacity

Should the presiding district judge or any reviewing court disagree that Plaintiff's *pro se* claims are against Defendant Ward only in his official capacity, and instead determine that Plaintiff has sufficiently pleaded claims against Defendant Ward in his individual capacity based upon Defendants' answer and pending motion for summary judgment, I alternatively find summary judgment to be appropriate in favor of the Norwood Defendants, including Defendant Ward, on four additional grounds.

#### a. Failure to State a Claim Under *Iqbal*

From very early in this litigation, this Court noted that "the claims raised in plaintiff's complaint and supplements thereto may be subject to dismissal for failure to state a claim for relief under §1983." (Doc. 32 at 5). However, the Court construed Plaintiff's memoranda in response to defense motions as "supplementing the original complaint" to the extent that Plaintiff attempted to add allegations in his responses. (Doc. 32 at 3, n.1; Doc. 33 at 4, n.1). Based upon Plaintiff's initial complaint and the referenced supplements, the Court liberally construed Plaintiff's complaint as bringing state law claims against all Defendants of perjury and slander, and state and federal claims for malicious prosecution in violation of the Fourth Amendment and 42 U.S.C. §1983. (Doc. 89 at 13, citing Doc. 1 at 3; Doc. 24 at 2; Doc. 32 at 3, 5; and Doc. 33 at 5).

Defendants now argue that none of the allegations are sufficient to state a claim for any of these construed causes of action. As the Court has previously explained on two occasions in this case (*see* Docs. 33, 34), to avoid dismissal for failure to state a claim for relief, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state

8

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Iqbal* clarified that although a complaint does not need to contain "detailed factual allegations," it must still provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S.Ct. at 1959 (quoting *Twombly*, 550 U.S. at 555). Thus, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiff's complaint clearly fails to state a claim for conspiracy against the Norwood Defendants. This Court previously granted a motion to dismiss filed by three other defendants (Haynes, Caster and Coleman) on grounds that Plaintiff's conspiracy allegations were so vague and conclusory as to be insufficient to state a claim under §1983. As Judge Hogan explained in his prior R&R, Plaintiff's complaints and supplements "are devoid of any factual content demonstrating the existence of a single plan to cover-up the allegedly erroneous criminal charges; that defendants Haynes, Caster, and Coleman shared in any alleged conspiratorial objective; or that defendants Haynes, Caster, and Coleman committed any overt acts in furtherance of the conspiracy that caused injury to plaintiff." (Doc. 64 at 6-7).

In a subsequent R&R, Judge Hogan concluded that Plaintiff's allegations also failed to state a claim for relief for conspiracy under §1983 against any County defendant (Doc. 69 at 8-9). Again, the Court explained that Plaintiff's complaint and supplements thereto are completely devoid of any factual content to support the material elements of a conspiracy claim. (*Id.*). In adopting the R&R and dismissing the conspiracy claim, the

presiding district judge additionally considered the following allegations:

> (1) Defendant Scherr was coerced into filing a false statement and to perjure herself; (2) Plaintiff's attorneys were threatened into cooperating with the prosecutor and the judge, both of whom wanted Plaintiff convicted; (3) Defendant Scherr's statement was contradicted by her sworn testimony; (4) trial transcripts show that Defendant Harmon slanted the trial transcript in the judge's favor; (5) Officer Ward sat too close to Defendant Scherr while she testified, thereby ensuring her perjury; (6) the trial transcripts show that Defendant Meyer rigged the jury; (7) the judge meant to railroad him...;and many other actual allegations that the Court cannot adequately summarize.

(Doc. 89 at 9-10). The Court unequivocally concluded that none of these allegations "rise above *Iqbal's* requirement of facial plausibility." (*Id.*).

In the same Memorandum Opinion, the Court dismissed all asserted claims against Ms. Scherr, in part on grounds that she cannot be held liable as a state actor under 42 U.S.C. §1983. The allegations against Ms. Scherr are closely linked with those against Defendant Ward, because Plaintiff alleges that Officer Ward "coaxed, cajoled, or coerced Ms. Scherr into making false statements" and that Officer Ward was permitted "to sit 3 feet away from Scherr when she testified to ensure that she stuck to his story." (Doc. 89 at 14-15, quoting Doc. 80, 4-5). In dismissing the claims against Ms. Scherr, the Court concluded - for the third time in a written opinion- that Plaintiff's allegations were insufficient to state a claim for conspiracy. (*Id.*).

The same conclusion is inevitable with respect to the Norwood Defendants. Plaintiff's supplements to his complaint (Docs. 24, 28) do not alter this result. Plaintiff's key allegations against Defendant Ward are essentially the same as those filed against Ms. Scherr - that Officer Ward "cajoled or coerced" witness Scherr to file a false report and to commit perjury at Plaintiff's criminal trial, and that Defendant Ward also "lied on the witness stand" during Plaintiff's second trial. (Doc. 24 at 1-2). Given the Court's prior analysis, it

10

is obvious that the same allegations fail to state a claim for conspiracy against any of the Norwood Defendants, including Officer Ward.

### b. Malicious Prosecution

Plaintiff's primary claim against Defendant Ward is for malicious prosecution. Although the Sixth Circuit "has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest and prosecution.'" *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)(quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)).

A valid arrest or prosecution is not vitiated just because the suspect is later found innocent. *See, e.g., United States v. Covelli*, 738 F.2d 847, 854 (7th Cir. ), *cert. denied*, 469 U.S. 867 (1984). As the United States Supreme Court has explained: "The Constitution does not guarantee that only the guilty will be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker v. McCollon*, 443 U.S. 137, 145 (1979). In other words, the evidence required to support a finding of probable cause that Plaintiff had violated an Ohio statute is significantly lower than the quantum of evidence required to support a conviction.

On the facts presented, Plaintiff cannot prove the absence or lack of probable cause for prosecution, as is required to prove a malicious prosecution claim under federal law, because he was indicted by a Hamilton County, Ohio grand jury on the concealed carry charge. A facially valid indictment forecloses a federal claim of malicious prosecution. Under federal law, "the finding of an indictment, fair upon its face, by a properly constituted grand jury *conclusively* determines the existence of probable cause for the purpose of

11

holding the accused to answer." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)(emphasis added, additional quotation and citations omitted); *see also Bakos v. City of Olmsted Falls*, 73 Fed. Appx. 152 (6th Cir. 2003)(holding that district court erred in applying state presumptive standard rather than conclusive standard for federal malicious prosecution claim); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001)(malicious prosecution claim foreclosed by indictment).

The fact that Plaintiff was indicted only on the concealed carry charge does not mean that he can maintain a malicious prosecution claim for his second charge, because Plaintiff was tried on both charges in a single criminal prosecution. *See Fedie v. Livingston County,* 2009 WL 2351765, *3 (E.D. Mich., Jul. 29, 2009)(where probable cause for prosecution existed on one charge, plaintiff could not maintain malicious prosecution claim for related charge in same proceeding); *see also, generally, Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)(guilt on wanton endangerment precluded arrestee from maintaining Fourth Amendment malicious prosecution/false arrest claim on additional but related charge on which he was acquitted).

In addition, a police officer cannot be held liable for malicious prosecution absent evidence that he either made the decision to prosecute or participated in the prosecutor's decision to bring charges. *See McKinley v. City of Mansfield*, 404 F.3d 418, 444-45 (6th Cir. 2005)(citing *Skousan v. Brighton High School*, 305 F.3d 520, 529 (6th Cir. 2002)). A defendant's motives are irrelevant to a claim of malicious prosecution *unless* a plaintiff can prove the absence of probable cause. This is true even if police have made false statements or have singled plaintiff out for prosecution, as long as probable cause existed

independent of the alleged false statements. *See Darrah v. City of Oak Park,* 255 F.3d at 312; *see also Bakos v. City of Olmsted Falls*, 73 Fed. Appx. at 157. Therefore, Plaintiff cannot maintain a malicious prosecution claim against Defendant Ward.

Assuming that in addition to his construed federal claim for malicious prosecution, Plaintiff seeks to bring a parallel state claim, the indictment creates a rebuttable presumption of probable cause under Ohio law, which Plaintiff has offered no evidence to refute. Plaintiff argues that the Norwood Defendants acted improperly, but points to no evidence of either an improperly convened grand jury, or to testimony presented to the grand jury of such falsity that it resulted in charges that otherwise could not have been brought. Therefore, the Defendants also are entitled to summary judgment on any state law claim for malicious prosecution.

### c. Witness Testimony

To the extent that Plaintiff asserts claims for perjury or slander based upon Defendant Ward's allegedly false testimony at trial, Defendant Ward is entitled to dismissal of that claim because all witnesses, including police officers, enjoy absolute immunity from suit for testimony provided in judicial proceedings. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325, 330-331 (1983). Immunity is not waived merely because Plaintiff has alleged a conspiracy to provide false testimony. *See Alioto v. City of Shively, Kentucky*, 835 F.2d 1173, 1174-75 (6th Cir. 1987).

### d. Qualified Immunity

Defendant Ward is also entitled to qualified immunity on all claims. "Government officials performing discretionary functions 'generally are shielded from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rippy ex rel. Rippy v. Hathaway*, 270 F.3d 416, 424 (6th Cir. 2001)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs,*, 475 U.S. 335, 341 (1986)). In order to defeat a motion for summary judgment that presents a defense of qualified immunity, a plaintiff must show that the abridged right was "so clearly established when the acts were committed that any official in the defendant's position, measured objectively, would have understood that he was under an affirmative duty to refrain from the conduct." *Id.* In making this showing, Plaintiff cannot rely upon non-specific and conclusory allegations. *Id.* On the other hand, to the extent that Plaintiff has set forth a legitimate factual dispute, "a defendant seeking qualified immunity must be willing to concede to the facts as alleged by the plaintiff." *Pittman v. Cuyahoga County Dept. of Children and Family Servs.*, 640 F.3d 716, 722-723 (6th Cir. 2011)(quoting *Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir. 2002)).

In this case, Plaintiff has failed to articulate any specific conduct that abridged any clearly established constitutional right. A reasonable officer under similar circumstances would not have understood that arresting Plaintiff and providing testimony during Plaintiff's criminal trial violated any of Plaintiff's constitutional rights. Therefore, Defendant Ward is entitled to qualified immunity to the extent that Plaintiff's claims are construed as brought against him in his individual capacity.

### D. Dismissal of State Law Claims

After dismissing Plaintiff's federal claims against some defendants, this Court previously declined to exercise pendent jurisdiction over Plaintiff's related state law claims against the same defendants. (Doc. 64 at 7; Doc. 69 at 9-10). For the same reasons, and in accordance with *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-726 (1966), the Court should decline to exercise supplemental or pendent jurisdiction over any of Plaintiff's state law claims against the Norwood Defendants.

### E. Additional Arguments Not Addressed

Given the recommended award of summary judgment to the Norwood Defendants on multiple other grounds, as well as the recommended dismissal of any remaining state law claims, I find no need to reach Defendants' arguments concerning immunity under state law for political subdivisions and for acts or omissions within the scope of Officer Ward's employment. *See generally*, Ohio Revised Code §2744; *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987)(police department is sub-unit of city government and not *sui juris*). Except as previously discussed with respect to malicious prosecution, I also decline to reach Defendants' additional arguments that they are entitled to judgment on the merits of Plaintiff's state law claims for malicious prosecution, perjury, slander, or defamation.

The last argument advanced by the Norwood Defendants seeks judgment on any claim for punitive damages. Although the Court finds no fault with Defendants' citation of case law and statutory authority, the Court also finds no need to discuss this issue given the recommended dismissal of all claims, and the fact that the complaint does not appear

15

to seek punitive damages.

### F. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment argues that he is entitled to judgment based in part on the transcript of the 911 emergency call. However, the Court previously rejected Plaintiff's assertion that inconsistencies between the transcript of the 911 call of the incident and witness testimony at trial demonstrated that various defendants (including Ward) coaxed, cajoled, or coerced Ms. Scherr into making false statements in support of his prosecution. The Court expressly found that the 911 transcript "does nothing to prove Plaintiff's guilt or innocence" and "was entirely irrelevant to Plaintiff's case." (Doc. 89 at 16). Other arguments reiterated by Plaintiff on summary judgment also have been previously rejected. For example, the Court previously dismissed Plaintiff's allegation that Ms. Scherr committed perjury based upon Officer Ward's physical proximity to her during trial, reasoning that "there is no legal or logical link between how close Officer Ward sat to Ms. Scherr during her testimony and the truthfulness of her testimony." (*Id.*).

Plaintiff refers generally to the transcript of his interview with witness William Graff, the Norwood Police Department Incident Report, Stacy Scherr's Affidavit, and materials from his two state court criminal proceedings as providing additional support for entry of judgment in his favor. Suffice it to say that none of the referenced evidence supports Plaintiff's claims under 42 U.S.C. §1983 against any of the Norwood Defendants, for the reasons discussed above.

Last, Plaintiff explains the basis for his bid for the Nobel Prize in Economics, including various economic theories. None of Plaintiff's arguments concerning his

economic theories or the Nobel Prize are relevant to the case at hand.

### III. Conclusion and Recommendations

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion for summary judgment (Doc. 98) be **DENIED;**

2. Defendants' motion for summary judgment (Doc. 100) be **GRANTED**;

3. This case be CLOSED and stricken from the active docket.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BILLY F. ANDERSON,                        Case No. 1:09-cv-798

      Plaintiff,                                   Barrett, J.
                                                 Bowman, M.J.

   v.

COUNTY OF HAMILTON, et al.,

      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).