UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Billy F. Anderson,

       Plaintiff,                           Case Action No.: 1:09-cv-798

      v.                                      Judge Michael R. Barrett

County of Hamilton, et al,

       Defendants.

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's September 12, 2011, Report and Recommendation ("Report") (Doc. 107)[1] and two corresponding motions for summary judgment: (1) Plaintiff Billy F. Anderson's Motion for Summary Judgment (Doc. 98); and (2) Defendants City of Norwood, City of Norwood Police Department, and Officer Robert Ward's Motion for Summary Judgment (Doc. 100). The Report recommends that Plaintiff's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted. (Doc. 107, 17.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff has filed a timely Objection (Doc. 110).

This matter is ripe for review. For the reasons stated below, the Court OVERRULES Plaintiff's Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 107, 18.)

1

**I.       Background**

This Court has summarized the facts and procedural history of this case numerous times. (*See, e.g.*, Docs. 32, 33, 64, 89, 107.) Given the current procedural posture of this matter, there is no need to restate the facts fully once again. Thus, the Court only repeats the most basic facts here.

Plaintiff brings this action pro se. He originally named fifteen Defendants. However, all but three have been dismissed on a variety of grounds. The remaining Defendants are the City of Norwood, the Norwood Police Department, and Norwood Police Officer Robert Ward.

Plaintiff's Complaint (Doc. 1) alleges that on October 20, 2007, former Defendant Stacy Scherr and Officer Ward instituted charges of aggravated menacing and carrying a concealed weapon against him. Plaintiff alleges that Scherr and Ward fabricated the probable cause necessary for those charges. Plaintiff's first criminal trial in state court ended in a mistrial, but a jury acquitted him after he represented himself at a second trial.

The basic thrust of Plaintiff's Complaint is that Defendants conspired to institute or maintain the state criminal action against him in an effort to "cover up" the "erroneous charges" brought against him and to "slander and discredit" him. (Doc. 1, 3.) He seeks $12.8 million in damages, as Plaintiff states, "as compensation for loss of Nobel Prize in Economics ($10,000,000 plus interest of $2,800,000)." (Doc. 45, 1, 4–5; Doc. 1, 4.)

**II.      Legal Analysis**

   **A.       Report and Recommendation Standard**

When objections to a magistrate judge's report and recommendation are

received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

   **B.     Motion for Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if its resolution affects the outcome of the suit. *Id.*

On summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the non-moving party cannot rest on his or her pleadings, but must present significant probative evidence in

support of his or her complaint to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248–49. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### C. No Specific Objections

Given Plaintiff's pro se status, the Court construes his Objection liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). However, even upon giving Plaintiff every benefit of the doubt, the Court cannot find a single specific objection to the Report. Instead, Plaintiff has filed a rambling discourse on the supposed merits of his case. Plaintiff's Objection discusses the following points: evidence that allegedly shows a lack of probable cause for his arrest (Doc. 110, 1–2); the relevance of his past conviction for carrying a concealed weapon (Doc. 110, 2, 3–4); Officer Ward's supposed hostility to Plaintiff because Plaintiff possessed a Concealed Carry Weapon permit (Doc. 110, 2–3); the alleged lies Officer Ward told about Plaintiff's arrest (Doc. 110, 4); the relevance of the 911 call (Doc. 110, 5–6); Plaintiff's involvement with community policing efforts (Doc. 110, 5–6); Plaintiff's membership in MENSA (Doc. 110, 6); and the relevance of his claimed damages (Doc. 110, 7.) None of these topics addresses any legal issue raised in the Report. (*See* Doc. 107.) In other words, Plaintiff files no specific objections that are appropriate for review. *See Neuman*, 125 F.3d at 323.

Although this exact issue was raised in a previous Order (Doc. 89, 7–8), the Court speculates that Plaintiff's failure to properly object may be based on his pro se status. But where the Court must construe Plaintiff's filings liberally, even to the point of "active interpretation," it is not permitted to create legal arguments out of whole cloth. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (stating that "appropriate liberal construction requires active interpretation in some cases"); *Huey v. Stine*, 230 F.3d 226, 229 (6th Cir. 2000) (examining "thrust," not just text, of pro se litigant's arguments) (overruled on other grounds). Even the most liberal construction of Plaintiff's filing cannot produce any specific objections.

Rule 72(b) of the Federal Rules of Civil Procedure requires a court to conduct a de novo review only of the portions of a magistrate judge's report to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "'[O]bjections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). Furthermore, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (citing *Miller*, 50 F.3d at 380). Because Plaintiff has raised no such specific objections, the Court is not required to conduct a de novo review of the Report. *See id.*;

Fed. R. Civ. P. 72(b)(3). However, reviewing the Report de novo of its own accord, the Court finds it to be thorough, well reasoned, and correct in all respects. Again, Plaintiff raises no specific objection to any of the Report's conclusions. (*See* doc. 110). Accordingly, Plaintiff's Objection is OVERRULED, and the Report is ADOPTED.

## III. Conclusion

Based on the foregoing, it is **ORDERED** that Magistrate Judge Stephanie K. Bowman's September 12, 2011, Report (Doc. 107) is hereby **ADOPTED**. Plaintiff's Objection (Doc. 110) is **OVERRULED**. As the Report recommends (Doc. 107, 17), Plaintiff's motion for summary judgment (Doc. 98) is **DENIED**, and Defendants' motion for summary judgment (Doc. 100) is **GRANTED**. This case is **CLOSED** and stricken from the active docket.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge